| | |
|---|---|
| **ROBERT JOHN SWIERSKI,** | |
| **Debtor/Appellant,** | |
| **v.** | **ORDER** |
| **JENNY P. HOLMAN,** | |
| **Appellee/Trustee.** | |

**THIS MATTER** is before the Court in the matter of Robert J. Swierski's Bankruptcy Appeal on the Court's own motion. For the reasons discussed below, the Court will dismiss Mr. Swierski's appeal for failure to file a timely brief or transcript.

Mr. Swierski filed his appeal in November 2023. In December 2023, the Bankruptcy Clerk filed a memorandum noting that he had yet to file the necessary designation of items to be included in the record or transcript as required by Federal Rule of Bankruptcy Procedure 8009(a),(b) ("Rule 8009"). *See* Doc. No. 2. The Court entered an Order directing him to do so. *See* Doc. No. 3. In February 2024, Mr. Swierski instead submitted an emergency motion to stay the sale of real property located at 2225 Greenbrook Parkway, Matthews, North Carolina, until his appeal was resolved. *See* Doc. No 5. The Court granted the motion and stayed the sale for fourteen days. *See* Doc. No. 6 at 1. Plaintiff filed a renewed motion to stay the sale of the property pending appeal in early March 2024, which the Court denied, noting that Mr. Swierski still had not satisfied the requirements of Rule 8009, which was necessary for him to pursue his appeal. *See* Doc. Nos. 7, 8 at 1. In late March 2024, after Mr. Swierski filed the appropriate designations required by Rule 8009(a), but had not yet ordered a transcript, the Court directed him to serve and file his brief

within 30 days. *See* Doc. No. 10, Text-Only Order, March 27, 2024. The Bankruptcy Clerk also filed another memorandum noting that a transcript had yet to be ordered in April 2024. *See* Doc. No. 12. Mr. Swierski did not file his brief or transcript.

On July 19, 2024, the Court ordered Mr. Swierski to show cause in writing as to why he failed to timely file his brief and why this appeal should not be dismissed. Text-Only Order, July 19, 2024. He was expressly warned that failure to file a timely response no later than August 9, 2024, could result in dismissal of his appeal. *Id.* Mr. Swierski did not respond. In short, Mr. Swierski has failed to timely file a brief in compliance with Rule 8018(a), has not replied to the Court's show cause order, and has still not met the procedural requirements of the Rule 8009(b).

A district court may dismiss a bankruptcy appeal based on an appellant's non-compliance with the procedural requirements of the Bankruptcy Rules after taking one of the four following steps:

> (1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives.

*In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992). As explained above, Mr. Swierski has not filed a brief, despite an Order to do so, or his transcript, despite multiple filings from the Bankruptcy Clerk on the docket reminding him of that obligation. Moreover, he failed to respond to the Court's show cause order. These facts show Mr. Swierski has had ample notice and an opportunity to explain the delay. They further indicate negligence, not excusable neglect. The Court, therefore, finds that dismissal of appeal is appropriate.

**SO ORDERED.**

Signed: August 20, 2024

Kenneth D. Bell
United States District Judge